IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE   Stephen J. Rumer          *     Case No. 08-31412

                                  *     Judge Mary Ann Whipple

                                  *

                                  *     **MOTION TO DENY DISCHARGE UNDER 11 U.S.C. SECTION 1328(f)(1) AND BRIEF IN SUPPORT**

                                  *

Now comes John P. Gustafson, Chapter 13 Trustee, by and through counsel and hereby moves this court for an order denying the Debtor(s) discharge under 11 U.S.C. Section 1328(f)(1).

In support thereof, the Trustee states as follows:

1. The Debtor(s) has previously filed a Chapter 7 case on March 30, 2005, Case No. 05-32898.

2. The Debtor(s) received a Chapter 7 Discharge on August 4, 2005.

3. The above-captioned matter was filed on March 27, 2008.

4. Federal Rule of Bankruptcy Procedure 4004(a) was amended effective December 1, 2010, stating: "In a chapter 13 case, a motion objecting to the debtor's discharge under § 1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).  At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney."

5. After the effective date of the Amendment to Bankruptcy Rule 4004(a), no notice of the new deadline was ever provided by the court to the Office of the U.S. Trustee, the Chapter 13 Trustee, or creditors.

6. Pursuant to 11 U.S.C. Section 1328(f)(1), the debtors are not eligible for a Chapter 13 discharge.

**LAW AND ARGUMENT**

The provision for denial of discharge under §1328(f)(1) states:
(f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan . . . if the debtor has received a discharge—

1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter,

This discharge prohibition begins with the use of the term "nothwithstanding", and references the two provisions that provide for a Chapter 13 discharge, the "regular" Chapter 13 discharge under Section 1328(a) and the hardship discharge under Section 1328(b).

The meaning of the term "notwithstanding" was dealt with in Deutsche Bank Nat'l Trust Co. v. Tucker, 621 F.3d 460, 464 (6th Cir. 2010):

> The term "notwithstanding" is defined as "without prevention or obstruction from or by" or "in spite of." In re Thompson, 372 B.R. at 863 (*quoting* Webster's Third New International Dictionary 1545 (1981)). By using the term "notwithstanding" in section 1322(e), Congress expressly precluded section 506(b) from applying to a Chapter 13 cure situation where the parties have a contrary agreement.

Section 1328(f) then directs that "the court shall not" grant a discharge. The term "shall not" is generally mandatory, not precatory. See generally, Center for Special Needs Trust Administration, Inc. v. Olson, 676 F.3d 688, 700 (8th Cir. 2012)(discussing "shall not" in terms of the Blessing test); and Cf., 11 U.S.C. Section 103(4)(""may not" is prohibitive, and not permissive";).

The language of Section 1328(f) is different than that used in: 1) Section 727(a) – "The court shall grant a discharge unless"; and 2) Section 523(a) – "a discharge . . . does not discharge an individual debtor from any debt". The language is more like the language in Section 523(a), and under that section, debts that are not listed in Section 523(c) are presumed to not be discharged, even if a complaint to determine dischargeability is not filed.

At the time this case was filed, there was no deadline for filing an action to deny discharge. Prior to the Amendment to Rule 4004(a), the Sixth Circuit discussed when a

complaint to determine dischargeability could, and should, be filed in a Chapter 13 case. See, In re Cassim, 594 F.3d 432, 440 (6th Cir. 2010). The Cassim court distinguished between constitutional ripeness, and prudential ripeness. Essentially, while holding that a bankruptcy court could constitutionally address the non-dischargeability of student loans shortly after the filing of a Chapter 13 case. However, the Cassim court concluded: "it bears reiterating that Educational Credit has only challenged constitutional ripeness, which is more limited in scope than prudential ripeness." Id., at 440.

Many Chapter 13 cases do not complete, and do not result in a discharge. Absent a statutory deadline, and given the strong directive language regarding discharge eligibility for debtors who had received a discharge in a Chapter 7 case that had been filed in the previous four years, not filing an action early in a Chapter 13 case made sense, particularly in terms of preserving judicial resources.

Moreover, until the Sixth Circuit's decision in In re Sanders, 551 F.3d 397 (6th Cir. 2008), there was no binding precedent that told practitioners how to measure the four year period – whether the four years was from filing-to-filing, filing-to-discharge, discharge-to-filing, or discharge-to-discharge.

Further, there was no agreement on how the denial Actions seeking to prevent the debtor's discharge under §1328(f) were being filed as motions, as adversary complaints, and as objections to confirmation. Compare, In re Capers, 347 B.R. 169, 171 (Bankr. D.S.C. 2006)(adversary); In re Grice, 373 B.R. 886 (Bankr. E.D. Wis. 2007)(adversary decided on motion for judgment on the pleadings); In re Hamilton, 383 B.R. 469 (Bankr. W.D. Ark. 2008)(adversary); with, In re Grydzuk, 353 B.R. 564 (Bankr. N.D. Ind. 2006)(motion); In re Ybarra, 359 B.R. 702, 706-709 (Bankr. S.D. Ill. 2007)(motion), with, In re Knighton, 355 B.R. 922 (Bankr. M.D. Ga. 2006)(on objection to confirmation); In re Sanders, 368 B.R. 634 (Bankr. E.D. Mich. 2007), rev'd, In re Sanders, 551 F.3d 397 (6th Cir. 2008) (ineligibility for discharge raised in objection to confirmation in bankruptcy court, not discussed as a defect on appeal). The issue of the propriety of denying a discharge by motion was raised in In re Gagne, 394 B.R. 219 (1st Cir. BAP 2008), but was denied as moot.

As discussed at the hearing, the practice today in many bankruptcy courts is to continue to close Chapter 13 cases without a discharge, without the filing of the motion described in Rule 4004(a). Notably, 28 U.S.C. §2075, which implements the Bankruptcy Rules, provides that "such rules shall not abridge, enlarge or modify any substantive right." As a result, any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code. See, In re Smart World Techs, LLC, 423 F.3d 166, 181 (2nd Cir. 2005); In re Chavis, 47 F.3d 818, 822 (6th Cir. 1995); In re Pac. Atl. Trading Co., 33 F.3d 1064, 1066 (9th Cir. 1994); In re Perkins, 381 B.R. 530, 535 (Bankr. S.D. Ill. 2007).

Put another way, "[F]orsaking the plain meaning of a provision of the Bankruptcy Code solely because that meaning conflicts with a bankruptcy rule would run afoul of 28 U.S.C. §2075.". In re Caldor Group, 303 F.3d 161, 170 (2d Cir. 2002); Zedan v. Habash, 529 F.3d 398 (7th Cir. 2007).

Assuming that Rule 4004(a) is a valid use of rulemaking power, the court should still grant the Chapter 13 trustee's motion and deny the debtor's discharge. At the time of filing, Rule 4004(a) did not exist. Accordingly, the court could not provide the required notice of the deadline for the filing of an action to deny the debtor's discharge. Note the difference between the Notice provided in the above captioned case, attached as Exhibit A, and the Notice that is provided in cases after the effective date of the Amendment to Rule 4004(a), attached as Exhibit B. The post-4004(a) amendment Notice complies with the requirement that: "At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney."

If the court were to deny this Motion to Deny Discharge, it would be doing so without affording the parties in interest the notice that Rule 4004(a) requires.

Moreover, because Rule 4004(a) came into existence at a time long after 60 days after the first meeting of creditors, enforcing the Rule retroactively would be unjust. See e.g., In re Mickel, 35 B.R. 28, 29 (Bankr. D.S.C. 1983)(unjust to apply new rules to events occurring before effective date for rules); Landgraf v. USI Film Products, 128 L. Ed. 2d 229, 114 S. Ct. 1483, 1499-1502 (1994)(retroactivity should not be applied where it would impose new legal consequences to events completed before a statute's enactment).

**WHEREFORE**, Trustee requests that the Discharge of the Debtor(s) be denied in the above-captioned matter.

Respectfully submitted,

 /s/John P. Gustafson
John P. Gustafson
Standing Chapter 13 Trustee
Suite 501
316 N. Michigan Street
Toledo, Ohio 43604
(419)255-0675

CERTIFICATE OF SERVICE

I certify that on June 28, 2013 a true and correct copy of the foregoing Motion to Deny Discharge under 11 U.S.C. Section 1328(f)(1) and Brief in Support was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Elliot H. Feit, Esq., at ehf1@accesstoledo.com

United States Trustee, at ustp.region09@usdoj.gov

And by regular U.S. mail, postage prepaid, on:

Stephen J. Rumer, P.O. Box 223 Harrod, OH 45850

                                                */s/ John P. Gustafson*
                                                John P. Gustafson
                                                Standing Chapter 13 Trustee

# UNITED STATES BANKRUPTCY COURT
## Northern District of Ohio Western Division

### Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on March 27, 2008.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice. For more information regarding the U.S. Bankruptcy Court for the Northern District of Ohio, Local Rules, Bankruptcy Code, Forms and other information you may refer to our web page located at www.ohnb.uscourts.gov.

**See Reverse Side For Important Explanations.**

| Debtor(s) (name(s) and address):<br>Stephen J. Rumer<br>PO Box 223<br>Harrod, OH 45850-0223 | EXHIBIT A |
|---|---|

| All other names used by the Debtor(s) in the last 8 years (include married, maiden, and trade names): | Case Number:<br>08-31412-rls |
|---|---|
| | Last four digits of Social-Security or Individual Taxpayer ID (ITIN) No(s)./Complete EIN: |

| Attorney for Debtor(s) (name and address):<br>Elliot H Feit<br>520 Madison Ave<br>930 Spitzer Building<br>Toledo, OH 43604<br>Telephone number: 419-241-6285 | Bankruptcy Trustee (name and address):<br>John P. Gustafson<br>Office of the Chapter 13 Trustee<br>316 N. Michigan St.<br>#501<br>Toledo, OH 43604<br>Telephone number: (419) 255-0675 |
|---|---|

### Meeting of Creditors

Date: **May 29, 2008**   Time: **09:00 AM**
Location: **Room 500, 316 N. Michigan St., Toledo, OH 43604**

### Deadlines

Papers must be received by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**

For all creditors (except a governmental unit): **August 27, 2008**   For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002(c)(1)): **September 23, 2008**

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

**Deadline to File a Complaint tot Determine Dischargeability of a Debt under 523(c): July 28, 2008**

**Filing of Plan, Hearing on Confirmation of Plan:**
The debtor has filed a plan. The hearing on confirmation will be held:
Date: **May 29, 2008**, Time: **03:00 PM**,
Location: **US Courthouse, 1716 Spielbusch Ave, Courtroom #1, Rm 119, Toledo, OH 43604**

### Creditors May Not Take Certain Actions

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Plan subject to modification prior to confirmation without further notice. Written objections to confirmation of plan shall be filed no later than three days prior to the confirmation hearing. A copy of the proposed chapter 13 plan is enclosed. Consult a lawyer to determine your rights in this case.
Pursuant to 11 USC 1324(b), the judge assigned to this case has determined the confirmation hearing shall be held on the same date as the meeting of creditors for the convenience of all interested parties. Any objection to this scheduling must be filed no later than five (5) days prior to the first date set for the confirmation hearing. You will receive further notice of the rescheduled confirmation date if an objection is upheld.

| Address of the Bankruptcy Clerk's Office:<br>United States Bankruptcy Court<br>1716 Spielbusch Ave<br>Toledo, OH 43604 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Kenneth J. Hirz |
|---|---|
| Hours Open: Monday – Friday 9:00 AM – 4:00 PM | Date: April 2, 2008 |

# United States Bankruptcy Court for the Northern District of Ohio

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 13 bankruptcy case concerning the debtor(s) listed below was filed on February 25, 2013. You may be a creditor of the debtor. **This notice lists important deadlines and explanations of your rights and duties. Please read both sides of this notice.**

### Case Information

| | |
|---|---|
| **Case Number:** 13-30639-maw<br><br>**Debtor(s):**<br>Christina Glenn<br>2472 Kenwood Blvd. Lower Unit<br>Toledo, OH 43606<br><br>**Other names used by the Debtor(s) in the last 8 years:**<br>fka Christina Elaine Pardi-<br><br>**Last Four Digits of Debtor's Social Security Number or Individual Taxpayer ID Number (ITIN)/Complete EIN:** | **Attorney for Debtor:**<br>Scott A Ciolek<br>520 Madison Avenue<br>Suite 820<br>Toledo, OH 43604<br>Telephone number: 419-740-5935<br><br>**Bankruptcy Trustee:**<br>John P. Gustafson<br>Office of the Chapter 13 Trustee<br>316 N. Michigan St.<br>#501<br>Toledo, OH 43604<br>Telephone number: (419) 255-0675 |

**EXHIBIT B**

### Meeting of Creditors

All debtors **must** bring the following proofs of identification to the meeting of creditors:

- Valid, unexpired photo identification (driver's license, state ID, employee ID, etc.). If the case is a joint filing, both debtors must have identification; AND
- Proof of social security number. Government- or employer-issued documentation, such as social security card, IRS tax transcript, W-2, or 1099, is acceptable proof.

**Date:** April 16, 2013
**Time:** 08:30 AM
**Location:** Room 500, 316 N. Michigan St., Toledo, OH 43604

### Deadlines

*Papers must be received by the bankruptcy clerk's office by the stated deadline.*

**Deadline to File a Proof of Claim:**

- All Creditors (except governmental units): July 15, 2013
- Governmental Units (except as otherwise provided in Fed. R. Bankr. P. 3002(c)(1)): September 13, 2013

**Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts:** June 17, 2013
**Deadline to Object to Exemptions:** 30 days after the *conclusion* of the meeting of creditors.
**Deadline to File an Objection to Confirmation:** 7 days before the confirmation hearing date.

### Filing of Plan, Hearing on Confirmation of Plan

The plan is enclosed. The hearing on confirmation will be held:
**Date:** May 14, 2013
**Time:** 02:00 PM
**Location:** US Courthouse, 1716 Spielbusch Ave, Courtroom #2, Rm 103, Toledo, OH 43604

| | |
|---|---|
| **Address of the Bankruptcy Court Clerk's Office:**<br>United States Bankruptcy Court<br>1716 Spielbusch Ave Room 411<br>Toledo, OH 43604 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Kenneth J. Hirz<br><br>**Date:** February 27, 2013 |

**Refer to Other Side of this Notice for Important Explanations**