**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 19 2014

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-31412 |
| | ) | |
| Stephen J. Rumer, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | Successor Judge |

### MEMORANDUM OF DECISION REGARDING
### MOTION TO DENY DISCHARGE UNDER 11 U.S.C. § 1328(f)

This case came before the court for hearing on the Chapter 13 Trustee's Motion to Deny Discharge Under 11 U.S.C. § 1328(f)(1) ("Motion") [Doc. # 101] and Debtor's response [Doc. # 109]. The Trustee, counsel for the Trustee, and Debtor's counsel appeared in person.

The district court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine objections to discharge are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(J).

### BACKGROUND

Before commencement of this case, Debtor previously filed a Chapter 7 case on March 30, 2005, and received a discharge in that case. [Case No. 05-32898, Doc. ## 1 & 19]. He filed a petition for relief

in this Chapter 13 case on March 27, 2008, less than four years after filing his Chapter 7 case. The first date set for the meeting of creditors under § 341(a) in this case was May 29, 2008. [*See* Doc. # 7]. The Trustee's report of the meeting of creditors sets forth the earlier Chapter 7 case filing and includes a notation that Debtor is not entitled to a discharge. [Doc. # 16]. The order confirming Debtor's Chapter 13 plan entered on December 12, 2008, includes the statement that "under Section 1328(f), the debtor may not be eligible for a discharge." [Doc. # 48]. Although the Trustee filed motions to dismiss for failure to make plan payments several times during the course of Debtor's sixty-month plan, [*see* Doc. ## 51, 67, & 76], he ultimately completed all plan payments.

On May 2, 2013, the Trustee filed his Final Report and Account, showing that Debtor's sixty-month plan has been completed. [Doc. # 92]. No notice of a time fixed for objecting to Debtor's discharge under § 1328(f) has been provided to any party in this case. [*Cf.* Doc. ## 7, 8]. On June 28, 2013, the Trustee filed the instant Motion, objecting to Debtor's discharge in this case under § 1328(f)(1).

## LAW AND ANALYSIS

As indicated above, the Trustee seeks an order denying Debtor a Chapter 13 discharge pursuant to § 1328(f)(1), which provides as follows:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge –
>
> (1) in a case filed under chapter 7 . . . of this title during the 4-year period preceding the date of the order for relief under this chapter. . . .

Subsection (a) provides that "as soon a practicable after completion by the debtor of all payment under the plan, . . . the court shall grant the debtor a discharge," and subsection (b) provides circumstances where the court "may grant a discharge to a debtor that has not completed payments under the plan. . . ." 11 U.S.C. § 1328(a) and (b). Neither subsection is specifically made subject to § 1328(f).

The court agrees with the Trustee that the "notwithstanding subsections (a) and (b)" provision in § 1328(f) resolves any potential conflict between subsections (a) and (b) and subsection (f) in favor of subsection (f). *See Deutsche Bank Nat'l Trust Co. v. Tucker,* 621 F.3d 460, 463 (6th Cir. 2010) (construing 11 U.S.C. § 1322(e) and finding that "Congress expressly resolved any potential conflict between section 1322(e) and section 506(b) in favor of section 1322(e)" by prefacing subsection (e) with "[n]otwithstanding . . . section[] 506(b)"). In *Tucker*, the Sixth Circuit found the term "notwithstanding" unambiguous:

> The term "notwithstanding" is defined as "without prevention or obstruction from or by"

or "in spite of." *In re Thompson*, 372 B.R. [860, 863 (Bankr. S.D. Ohio 2007)] (quoting Webster's Third New International Dictionary 1545 (1981)). By using the term "notwithstanding" in section 1322(e), Congress expressly precluded section 506(b) from applying to a Chapter 13 cure situation where the parties have a contrary agreement.

*Id.* at 464. Similarly, by its use of the term "notwithstanding" in § 1328(f), Congress precluded application of § 1328(a) and (b) where a debtor has received a discharge in a case filed within the time periods set forth in subsection (f).

There is no dispute that Debtor received a discharge in a Chapter 7 case that was filed during the four-year period preceding the date of the order for relief in this case. Thus, under § 1328(f)(1), he is not entitled to a Chapter 13 discharge unless the court finds, as Debtor argues, that the Trustee's Motion was not timely filed.[1]

Rule 4004(a) of the Federal Rules of Bankruptcy Procedure governs the time for objecting to discharge in a bankruptcy case. That rule was amended, effective December 1, 2010, to provide in relevant part as follows:

> In a chapter 13 case, a motion objecting to the debtor's discharge under § 1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

Fed. R. Bankr. P. 4004(a). Prior to Rule 4004(a) being amended, the rule contained no time constraint for filing a motion objecting to discharge under § 1328(f).

Notwithstanding the time constraint and notice requirement in the amended rule, the parties agree that the amended rule should not be applied retroactively. Although Debtor's bankruptcy petition was clearly filed before the effective date of amended Rule 4004(a), the order of the United States Supreme Court adopting the amended rule provides for retroactive application but only "insofar as [is] just and practicable." http://www.supremecourt.gov/orders/orders.aspx, (follow "October Term 2009," then follow "April 27, 2010 Rules of Bankruptcy Procedure", p. 3) ( providing that the amendments "shall take effect on December 1, 2010, and shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending). The court finds that it is not "just and practicable" to apply amended Rule 4004(a) in this case since it would attach new legal consequences to

---

[1] This court has never found § 1328(f)(1) to be self-executing as it requires a determination of facts that are not necessarily apparent on the face of the Chapter 13 petition and that must be presented to the court in some manner.

the sixty-day passage of time after the first date set for the meeting of creditors, which occurred long before the rule was amended, and because providing the notice required under the amended rule was an obvious impossibility.

Although Rule 4004(a) in effect prior to December 1, 2010, included no deadline for filing a motion objecting to discharge under § 1328(f), Debtor nevertheless raises what the court construes as the equitable defense of laches, arguing that he continued moving forward in his Chapter 13 case and completed all payments under his Chapter 13 plan before the Trustee filed the Motion objecting to his discharge.

Laches consists of two elements: "(1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party." *EEOC v. Watkins Motor Lines, Inc.,* 463 F.3d 436, 439 (6th Cir. 2006). As explained by the Sixth Circuit:

> [L]aches does not result from a mere lapse of time but from the fact that, during the lapse of time, changed circumstances inequitably work to the disadvantage or prejudice of another if the claim is now to be enforced. By his negligent delay, the plaintiff may have misled the defendant or others into acting on the assumption that the plaintiff has abandoned his claim, or that he acquiesces in the situation, or changed circumstances may make it more difficult to defend against the claim.

*Chirco v. Crosswinds Communities, Inc.* 474 F.3d 227, 231 (6th Cir. 2007) (citation omitted). As an affirmative defense, the burden of establishing laches is on the party raising the defense. *Watkins Motor Lines, Inc.*, 463 F.3d at 439.

In this case, Debtor has offered no evidence of any prejudice as a result of the Trustee filing his Motion objecting to discharge after completion of Debtor's plan. The mere fact that Debtor completed his plan before the Motion was filed, without more, does not constitute prejudice. There is no evidence or suggestion that Debtor was misled by the Trustee and no evidence that changed circumstances affect Debtor's ability to defend against the Trustee's Motion. On June 2, 2008, the Trustee filed his report of the meeting of creditors wherein he noted that Debtor had filed a prior Chapter 7 case and that Debtor is not entitled to a discharge. The order confirming Debtor's Chapter 13 plan entered on December 12, 2008, also informed Debtor that, under Section 1328(f), he "may not be eligible for a discharge." [Doc. # 48].

The court also finds that the Trustee's delay in filing the Motion was not unreasonable. On three separate occasions over the course of Debtor's sixty-month plan, the Trustee filed motions to dismiss for failure to make plan payments. There being no applicable deadline in this case for objecting under § 1328(f) to a discharge and because, as the Trustee argues, many Chapter 13 cases are not completed and, for that reason, do not result in a discharge, it was not unreasonable for the Trustee to wait until Debtor's Chapter 13 plan payments were completed.

4

## CONCLUSION

Finding no conflict between the provisions found in § 1328(a) and § 1328(f), and further finding that the time constraints set forth in Rule 4004(a) do not apply in this case and that Debtor has not met his burden of proving the affirmative defense of laches, the court concludes that the Trustee's Motion to Deny Discharge Under § 1328(f) is timely and should be granted since Debtor received a discharge in a Chapter 7 case filed during the four-year period preceding the order for relief in this case.

The court will enter a separate order in accordance with this Memorandum of Decision.

###